IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT A. EGERTON,

    Plaintiff,

v.                                                                                 No. 22-cv-0658 RB-SCY

MANAGEMENT & TRAINING CORP., *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Prisoner Civil Tort Complaint. (Doc. 1-1.) Plaintiff is incarcerated and proceeding *pro se*. He alleges he became ill after drinking contaminated water at the Otero County Prison (OCP). Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

**I.   Background**

In September 2019, OCP Warden Rick Martinez ordered the inmate maintenance crew to install new drinking fountains in the prison. (*See* Doc. 1 at 6.) Plaintiff experienced an upset stomach, diarrhea, fatigue, vomiting, fever, and lethargy after drinking the water from the fountains. (*Id.*) Plaintiff previously worked for a wastewater plant and inquired into the water fountain's supply source. (*Id.*) A fellow inmate from the maintenance crew informed Plaintiff that the drinking fountains were connected to the "gray water supply," which supplies the toilets and contains fecal contamination. (*Id.*) Plaintiff contracted H. pylori - a bacterial infection impacting the gut - and was prescribed antibiotics for about a month. (*Id.* at 7.) Plaintiff alleges various other inmates also contracted H. pylori. (*Id.*)

In 2021, Plaintiff filed a grievance regarding the alleged contamination. (*See* Doc. 1 at 15.)

He asked that the Department of Health test the water supply in the prison pods. (*Id.*) The grievance response states that the Aqua Environmental Testing Lab in Las Cruces conducts regular testing of the water supply at OCP. (*Id.* at 17.) The grievance response further states samples were taken from five locations on February 2, 2021, and the water did not present a risk. (*Id.*) Viewing the Complaint as a whole, it appears Plaintiff disagrees that water testing was conducted or that it is sufficient to uncover gray water contamination. (*See* Doc. 1.)

The Complaint raises federal claims for deliberate indifference to health/safety under the Eighth Amendment and equal protection violations under the Fourteenth Amendment. (*See* Doc. 1 at 4, 7.) The Complaint also raises state law claims under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* (NMTCA) for negligence, misrepresentation, "breach of duty," "false statement," and "personal injury." (*Id.* at 4, 9–10.) Plaintiff seeks at least $300,000 in damages from: (1) Management and Training Corporation (MTC); (2) the New Mexico Corrections Department (NMCD); (3) "Warden Martine[z] or current warden at OCP[;]" and (4) "John or Jane Doe 1-100." (*Id.* at 4.) Plaintiff originally filed the Complaint in New Mexico's First Judicial District Court. Defendant NMCD removed the Complaint to this Court based on federal question jurisdiction, and the matter is ready for initial review.

**II.     Standards Governing *Sua Sponte* Review of the Complaint**

Where, as here, a prisoner civil rights action is removed from state court, the Court must perform a screening function under 28 U.S.C. § 1915A. *See Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (applying § 1915A to inmate complaint against government officials, even though it was removed from state court). Under § 1915A, the Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* "if the complaint . . . is frivolous, malicious, or fails to state a claim on which relief may be granted" using the standard under Fed. R. Civ. P. 12(b)(6).

*See* 28 U.S.C. § 1915A(b). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim of relief. *See Carr*, 760 F. App'x at 570. A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Moreover, because Plaintiff is *pro se*, his pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Courts are directed to overlook "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.* Pro se plaintiffs should ordinarily be given the opportunity to cure defects in the original complaint, unless any amendment would be futile. *Id.* at 1109.

**III.     Screening the Complaint**

Plaintiff's federal constitutional claims are asserted pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162

(10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Applying this standard, the Complaint fails to state a § 1983 claim against the NMCD or MTC. First, the NMCD "is not a 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71, (1989)). Further, entities such as MTC that perform a state function can be sued under § 1983, but they cannot be held liable for the actions of an employee. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private [entity] 'cannot be held liable solely because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'"). A plaintiff must show the entity or supervisory defendant "had an 'official . . . policy of some nature' . . . that was the direct cause or moving force behind the constitutional violations." *Id.* (applying the rule to entities); *see also Moya v. Garcia*, 895 F.3d 1229, 1233 (10th Cir. 2018) (applying the rule to supervisors). Plaintiff has not shown any wrongdoing traceable to a policy or custom promulgated by MTC. Thus, the federal claims against NMCD and MTC must be dismissed.

Plaintiff's reference to "John and Jane Doe 1-100" is also insufficient to bring any specific person into this lawsuit. A successful complaint must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). Where a plaintiff is unable to provide a defendant's name, he may "use unnamed [*i.e.*, Jane or John Doe] defendants so long as [he] provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Because the Complaint contains no such description, any claims against Doe Defendants will be dismissed.

As to Warden Martinez, the remaining Defendant, the allegations fail to state an Eighth Amendment claim. The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). Conditions are objectively serious when they threaten the inmate's safety or "lead to deprivations of essential food, medical care, . . . [or] sanitation." *Rhodes,* 452 U.S. at 348. To satisfy the subjective component, the plaintiff "must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (quotations omitted).

The alleged facts satisfy the objective prong of the deliberate difference test. "[A]ccess to a sufficient supply of uncontaminated drinking water is a basic human need," and the lack of access qualifies as a "sufficiently serious deprivation to survive" Rule 12(b)(6) review. *Womble v. Harvanek*, 739 F. App'x 470, 473 (10th Cir. 2017). The Complaint fails to demonstrate, however, that Warden Martinez had a culpable state of mind. According to the Complaint, Martinez stated that "the water fountain was safe to drink from[,]" which was a "misrepresentation of the actual facts." (*See* Doc. 1 at 7.) These facts are too conclusory to demonstrate that Martinez knew the drinking fountain was contaminated (*i.e.*, connected to the gray water supply) before Plaintiff contracted H. pylori. There are also no allegations that Martinez failed to take reasonable measures to abate the risk.[1] Plaintiff's § 1983 claim for deliberate indifference will therefore be dismissed.

Plaintiff also alleges Martinez violated the Fourteenth Amendment. That "[a]mendment

---

[1] The exhibits suggest the Aqua Environmental Testing Lab in Las Cruces may have conducted regular testing of the water supply at OCP, but such facts are not established at this point. (*See* Doc. 1 at 17.)

5

ensures that states give their citizens 'equal protection of the laws.'" *Carney v. Okla. Dep't of Pub. Safety*, 875 F.3d 1347, 1353 (10th Cir. 2017) (quoting U.S. Const. amend. XIV, § 1). "In other words, states must treat like cases alike but may treat unlike cases accordingly." *Id.* (quotations omitted). To state an equal protection claim, a plaintiff must allege "(1) that other 'similarly situated' individuals were treated differently from [him or] her, and (2) that there is no 'rational basis' for [the different treatment]." *A.M. v. Holmes*, 830 F.3d 1123, 1167 (10th Cir. 2016). The Complaint does not describe how Plaintiff was treated differently from any other inmate. Accordingly, Plaintiff's equal protection claim fails.

Based on the foregoing, the Complaint fails to state a federal claim under 42 U.S.C. § 1983. The Court will dismiss all federal claims without prejudice and reserve ruling on whether to exercise supplemental jurisdiction over any state tort claims. Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff may file a single, amended complaint within 30 days of entry of this ruling. The amendment will supersede Plaintiff's prior pleading and must include all federal and state claims he wishes to raise in this lawsuit. If Plaintiff fails to timely file an amended complaint, the Court may dismiss the federal claims with prejudice and dismiss any state court claims without prejudice.

**IT IS ORDERED** that all federal claims in Plaintiff's Prisoner Civil Tort Complaint (**Doc. 1-1**) are **DISMISSED without prejudice**.

**IT IS FURTHER ORERED** that Plaintiff may file an amended complaint, as set forth above, within 30 days of entry of this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE