IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT A. EGERTON,

    Plaintiff,

v.                                                                            No. 22-cv-0658 RB-SCY

MANAGEMENT & TRAINING CORP., *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Robert Egerton's failure to file an amended complaint as directed. Plaintiff is incarcerated and *pro se.* The original Complaint (Doc. 1-1) alleges that he became ill after drinking contaminated water at the Otero County Prison (OCP). According to Plaintiff, the inmate maintenance crew installed drinking fountains that were connected to the gray water supply, which supplies the toilets and contains fecal contamination. Plaintiff and other inmates purportedly contracted H. pylori, a bacterial infection impacting the gut. The original Complaint raises claims for deliberate indifference to health/safety under the Eighth Amendment; equal protection violations under the Fourteenth Amendment; and state law claims under the New Mexico Tort Claims Act, N.M.S.A. § 41-4-1, *et. seq.* (NMTCA). Plaintiff seeks at least $300,00 in damages from: (1) Management and Training Corporation (MTC); (2) the New Mexico Corrections Department (NMCD); (3) "Warden Martine[z] or current warden at OCP[;]" and (4) "John or Jane Doe 1-100. (*See* Doc. 1 at 4.)

By a ruling entered August 23, 2023, the Court screened the original Complaint and determined it failed to state a cognizable federal 42 U.S.C. § 1983 claim. (*See* Doc. 10.) *See also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). NMCD is not subject to liability under § 1983, and a reference to "John and Jane Doe 1-100" is insufficient to bring any

specific person into this lawsuit. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999). The original Complaint also failed to allege that any wrongdoing was traceable to a policy or custom promulgated by MTC. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (a § 1983 plaintiff must show the entity-defendant "had an 'official . . . policy of some nature' . . . that was the direct cause or moving force behind the constitutional violations"). As to Warden Martinez, the original Complaint did not allege he was subjectively aware the drinking fountain was connected to the gray water supply before Plaintiff contracted H. pylori. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (To satisfy the subjective component of the deliberate-indifference test, a plaintiff must show the defendant "knows of and disregards an excessive risk to inmate health or safety."). The Court finally explained that the original Complaint was devoid of any facts suggesting discriminatory intent or an equal protection violation. The Court therefore dismissed all federal claims without prejudice and reserved ruling on whether to exercise supplemental jurisdiction over any state tort claims.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* invited Plaintiff to amend his claims within 30 days of entry of the Screening Ruling. Plaintiff was warned that if he failed to timely file an amended complaint, the Court may dismiss the original Complaint (Doc. 1-1) without further notice. The deadline to amend was September 22, 2023. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Court's order, which was returned as undeliverable. (*See* Doc. 11.) The federal claims are therefore subject to dismissal for failure to state a cognizable claim under 28 U.S.C. § 1915A.

Ordinarily, courts will dismiss with prejudice where, as here, the original complaint does not state a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g.*, *Novotny*

*v. OSL Retail Servs. Corp.*, No. 22-8062, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave him leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it is not clear that Plaintiff received the Court's order after severing contact. The Court will therefore dismiss the federal claims without prejudice under 28 U.S.C. § 1915A. The Court will also decline to exercise supplemental jurisdiction over the state claims and will dismiss those without prejudice, pursuant to the prior warning. (*See* Doc. 10 at 6.)

**IT IS ORDERED** that this case, including each claim in Plaintiff's Prisoner Civil Tort Complaint (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE